E. MARTIN ESTRADA
United States Attorney
MACK E. JENKINS
Assistant United States Attorney
Chief, Criminal Division
KELLY LAROCQUE (Cal. Bar No. 337912)
THOMAS MAGAÑA (Cal. Bar No. 324542
Assistant United States Attorney
General Crimes Section
     1200 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-3308
     Facsimile: (213) 894-0141
     E-mail:    kelly.larocque@usdoj.gov
                thomas.magana@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. CR 2:23-00382(A)-FLA-3 |
|---|---|
| Plaintiff, | PLEA AGREEMENT FOR DEFENDANT BERTA MONTANO JIMENEZ |
| v. | |
| JUAN CARLOS CRUZ RAMOS, aka "Ivan Cortes Ramirez," aka "Cornelio Ortiz Ramos," DAVID CRUZ HERNANDEZ, and BERTA MONTANO JIMENEZ | |
| Defendants. | |

1.    This constitutes the plea agreement between BERTA MONTANO JIMENEZ ("defendant") and the United States Attorney's Office for the Central District of California (the "USAO") in the above-captioned case.  This agreement is limited to the USAO and cannot bind any other federal, state, local, or foreign prosecuting, enforcement, administrative, or regulatory authorities.

DEFENDANT'S OBLIGATIONS

2.    Defendant agrees to:

1          a.    At the earliest opportunity requested by the USAO and

2    provided by the Court, appear and plead guilty to Counts One and Two

3    of the First Superseding Indictment in United States v. Juan Carlos

4    Cruz Ramos, et al., CR No. 2:23-00382(A)-FLA, which charge defendant

5    with conspiracy to engage in the business of dealing in firearms

6    without a license and to deliver firearms to a carrier without

7    written notice in violation of Title 18, United States Code, Section

8    371 (Count One), and with engaging in the business of dealing in

9    firearms without a license in violation of Title 18, United States

10   Code, Section 922(a)(1)(A) (Count Two).

11         b.    Not contest facts agreed to in this agreement.

12         c.    Abide by all agreements regarding sentencing contained

13   in this agreement.

14         d.    Appear for all court appearances, surrender as ordered

15   for service of sentence, obey all conditions of any bond, and obey

16   any other ongoing court order in this matter.

17         e.    Not commit any crime; however, offenses that would be

18   excluded for sentencing purposes under United States Sentencing

19   Guidelines ("U.S.S.G." or "Sentencing Guidelines") § 4A1.2(c) are not

20   within the scope of this agreement.

21         f.    Be truthful at all times with the United States

22   Probation and Pretrial Services Office and the Court.

23         g.    Pay the applicable special assessments at or before

24   the time of sentencing unless defendant has demonstrated a lack of

25   ability to pay such assessments.

26         h.    Agree to and not oppose the imposition of the

27   following condition of probation or supervised release:

28

1        i.    The defendant shall submit defendant's person and
2   any property under defendant's control, including any residence,
3   vehicle, papers, computer and other electronic communication or data
4   storage devices and media, and effects, to suspicion-less search and
5   seizure at any time of the day or night by any law enforcement or
6   probation officer, with or without a warrant, and with or without
7   cause; and if stopped or questioned by a law enforcement officer for
8   any reason, defendant shall notify that officer that defendant is on
9   federal supervised release and subject to search.

10      3.    Defendant further agrees:

11          a.    To forfeit all right, title, and interest in and to
12  any and all monies, properties, and/or assets of any kind, derived
13  from or acquired as a result of, or used to facilitate the commission
14  of, or involved in the illegal activity to which defendant is
15  pleading guilty, specifically including, but not limited to, the
16  following (collectively, the "Forfeitable Property"):

17          i.    A Beretta nine-millimeter pistol bearing Serial number
18              65490;

19          ii.   A Glock 17 pistol bearing serial number BSVV554;

20          iii.  A Weatherby .22 caliber long rifle bearing serial
21              number 03918;

22          iv.   An AK-47 with a wood stock bearing serial number
23              1972EH4389;

24          v.    A Century Arms AK-47 bearing serial number SV7086669;

25          vi.   An Optima Elite 50 caliber single-shot rifle bearing
26              serial number 61-13-071099-06;

27          vii.  A Glock 43 pistol bearing serial number ABTA325;

28          viii. An AR-15 with a scope bearing serial number 4511310;

| | | |
|---|---|---|
| 1 | ix. | An AR-15 bearing serial number 4511339; |
| 2 | x. | An AR-15 bearing serial number 4511317; |
| 3 | xi. | A 243 Winchester 70 bearing serial number G323180; |
| 4 | xii. | 2,365 rounds of 7.62 x 39 ammunition; |
| 5 | xiii. | 2,134 rounds of .223 ammunition; |
| 6 | xiv. | 803 rounds of nine-millimeter ammunition; |
| 7 | xv. | One round of 10mm ammunition; |
| 8 | xvi. | 49 rounds of .380 ammunition; |
| 9 | xvii. | 1000 rounds of .30 Caliber ammunition; |
| 10 | xviii. | 1382 rounds of .38 Super ammunition; |
| 11 | xix. | 615 rounds of .22 Long Rifle ammunition; |
| 12 | xx. | 224 rounds of 243 Winchester ammunition; |
| 13 | xxi. | 73 rounds of .40 caliber ammunition; |
| 14 | xxii. | 52 AR-15 40 round magazines; |
| 15 | xxiii. | 290 AR-15 30 round magazines; |
| 16 | xxiv. | Three Glock 43 nine-millimeter magazines; |
| 17 | xxv. | One nine-millimeter 50 Round Drum magazines; |
| 18 | xxvi. | One Glock nine-millimeter 10 Round magazine; |
| 19 | xxvii. | Three Beretta nine-millimeter magazines; |
| 20 | xxviii. | Two Beretta nine-millimeter high-capacity magazines; |
| 21 | xxix. | Two .22 Caliber pistol magazines; |
| 22 | xxx. | Five .38 Super magazines; |
| 23 | xxxi. | One .40 caliber magazines; |
| 24 | xxxii. | Five AK-47 40 round magazines; |
| 25 | xxxiii. | Two AK-47 30 round magazines; |
| 26 | xxxiv. | 11 nine-millimeter pistol magazines. |

b.    To the Court's entry of an order of forfeiture at or
before sentencing with respect to the Forfeitable Property and to the
forfeiture of the Property.

c.    That the Preliminary Order of Forfeiture shall become
final as to the defendant upon entry.

d.    To take whatever steps are necessary to pass to the
United States clear title to the Forfeitable Property, including,
without limitation, the execution of a consent decree of forfeiture
and the completing of any other legal documents required for the
transfer of title to the United States.

e.    Not to contest any administrative forfeiture
proceedings or civil judicial proceedings commenced against the
Forfeitable Property.  If defendant submitted a claim and/or petition
for remission for all or part of the Forfeitable Property on behalf
of herself or any other individual or entity, defendant shall and
hereby does withdraw any such claims or petitions, and further agrees
to waive any right she may have to seek remission or mitigation of
the forfeiture of the Forfeitable Property. Defendant further waives
any and all notice requirements of 18 U.S.C. § 983(a)(1)(A) and/or
requirements of the Government to commence forfeiture actions
pursuant to 18 U.S.C. § 924(d)(1).

f.    Not to assist any other individual in any effort
falsely to contest the forfeiture of the Forfeitable Property.

g.    Not to claim that reasonable cause to seize the
Forfeitable Property was lacking.

h.    To prevent the transfer, sale, destruction, or loss of
the Forfeitable Property to the extent defendant has the ability to
do so.

i.    That forfeiture of Forfeitable Property shall not be counted toward satisfaction of any special assessment, fine, restitution, costs, or other penalty the Court may impose.

4.    With respect to any criminal forfeiture ordered as a result of this plea agreement, defendant waives: (1) the requirements of Federal Rules of Criminal Procedure 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, announcements of the forfeiture sentencing, and incorporation of the forfeiture in the judgment; (2) all constitutional and statutory challenges to the forfeiture (including by direct appeal, habeas corpus or any other means); and (3) all constitutional, legal, and equitable defenses to the forfeiture of the Forfeitable Property in any proceeding on any grounds including, without limitation, that the forfeiture constitutes an excessive fine or punishment.  Defendant acknowledges that forfeiture of the Forfeitable Property is part of the sentence that may be imposed in this case and waives any failure by the Court to advise defendant of this, pursuant to Federal Rule of Criminal Procedure 11(b)(1)(J), at the time the Court accepts defendant's guilty pleas.

THE USAO'S OBLIGATIONS

5.    The USAO agrees to:

a.    Not contest facts agreed to in this agreement.

b.    Abide by all agreements regarding sentencing contained in this agreement.

c.    At the time of sentencing, move to dismiss the underlying Indictment and remaining counts of the First Superseding Indictment as against defendant.  Defendant agrees, however, that at the time of sentencing the Court may consider any dismissed charges

6

1  in determining the applicable Sentencing Guidelines range, the

2  propriety and extent of any departure from that range, and the

3  sentence to be imposed.

4       d.   At the time of sentencing, provided that defendant

5  demonstrates an acceptance of responsibility for the offenses up to

6  and including the time of sentencing, recommend a two-level reduction

7  in the applicable Sentencing Guidelines offense level, pursuant to

8  U.S.S.G. § 3E1.1, and recommend and, if necessary, move for an

9  additional one-level reduction if available under that section.

10  <u>NATURE OF THE OFFENSES</u>

11      6.   Defendant understands that for defendant to be guilty of

12  the crime charged in Count One, that is, conspiracy to engage in the

13  business of dealing in firearms without a license and to deliver

14  firearms to a carrier without written notice, in violation of Title

15  18, United States Code, Section 371, the following must be true:

16  (i) beginning no later than on or about March 2022, and ending on or

17  about July 20, 2023, there was an agreement between two or more

18  persons to engage in the business of dealing in firearms without a

19  license in violation of Title 18, United States Code, Section

20  922(a)(1)(A), or to deliver firearms to a carrier without written

21  notice in violation of Title 18, United States Code, Section 922(e);

22  (ii) defendant became a member of the conspiracy knowing of at least

23  one of its objects and intending to help accomplish it; and (iii) one

24  of the members of the conspiracy performed at least one overt act for

25  the purpose of carrying out the conspiracy.

26      7.   Defendant understands that for a person to be found guilty

27  of delivering firearms to a carrier without written notice, in

28  violation of Title 18, United States Code, Section 922(e), which is

1  an object of the conspiracy charged in Count One, the following must
2  be true: (i) the person knowingly delivered to a carrier a package or
3  other container in which there was a firearm or ammunition; (ii) the
4  package or container was to be shipped or transported from one state
5  to another, or between a foreign nation and the United States; (iii)
6  the package or container was to be shipped or transported to a person
7  who was not licensed as a firearms dealer, manufacturer, importer, or
8  collector; and (iv) the person delivering the package or container
9  did not give written notice to the carrier that there was a firearm
10 or ammunition in the package or container.
11     8.   Defendant understands that for defendant to be guilty of
12 the crime charged in Count Two, that is, engaging in the business of
13 dealing in firearms without a license, in violation of Title 18,
14 United States Code, Section 922(a)(1)(A), which is also an object of
15 the conspiracy charged in Count One, the following must be true:
16 (i) defendant was willfully engaged in the business of dealing in
17 firearms between March 2022 and July 20, 2023; and (ii) defendant did
18 not then have a license as a firearms dealer.  To act "willfully," a
19 person must know that his or her conduct was unlawful, but need not
20 know of the federal licensing requirement.
21     9.   Defendant also understands that defendant may be found
22 guilty of engaging in the business of dealing in firearms without a
23 license, in violation of United States Code, Section 922(a)(1)(A),
24 even if defendant personally did not commit the act or acts
25 constituting the crime but aided and abetted in its commission.  To
26 be guilty by aiding and abetting, pursuant to Title 18 U.S.C. Section
27 2(a), the following must be true: (1) someone else committed the
28 crime of engaging in the business of dealing in firearms;

8

(2) defendant aided, counseled, commanded, induced, or procured that person with respect to at least one element of the crime;

(3) defendant acted with the intent to facilitate the crime; and

(4) defendant acted before the crime was completed.

PENALTIES

10.    Defendant understands that the statutory maximum sentence that the Court can impose for a violation of Title 18, United States Code, Section 371, is: five years' imprisonment; a three-year period of supervised release; a fine of $250,000 or twice the gross gain or gross loss resulting from the offense, whichever is greatest; and a mandatory special assessment of $100.

11.    Defendant understands that the statutory maximum sentence that the Court can impose for a violation of Title 18, United States Code, Section 922(a)(1)(A), is: five years' imprisonment; a three-year period of supervised release; a fine of $250,000 or twice the gross gain or gross loss resulting from the offense, whichever is greatest; and a mandatory special assessment of $100.

12.    Defendant understands, therefore, that the total maximum sentence for all offenses to which defendant is pleading guilty is: 10 years' imprisonment; a three-year period of supervised release; a fine of $500,000 or twice the gross gain or gross loss resulting from the offenses, whichever is greatest; and a mandatory special assessment of $200.

13.    Defendant understands that supervised release is a period of time following imprisonment during which defendant will be subject to various restrictions and requirements.  Defendant understands that if defendant violates one or more of the conditions of any supervised release imposed, defendant may be returned to prison for all or part

1  of the term of supervised release authorized by statute for the

2  offense that resulted in the term of supervised release, which could

3  result in defendant serving a total term of imprisonment greater than

4  the statutory maximum stated above.

5      14.   Defendant understands that, by pleading guilty, defendant

6  may be giving up valuable government benefits and valuable civic

7  rights, such as the right to vote, the right to possess a firearm,

8  the right to hold office, and the right to serve on a jury. Defendant

9  understands that she is pleading guilty to a felony and that it is a

10 federal crime for a convicted felon to possess a firearm or

11 ammunition.  Defendant understands that the convictions in this case

12 may also subject defendant to various other collateral consequences,

13 including but not limited to revocation of probation, parole, or

14 supervised release in another case and suspension or revocation of a

15 professional license.  Defendant understands that unanticipated

16 collateral consequences will not serve as grounds to withdraw

17 defendant's guilty pleas.

18     15.   Defendant and her counsel have discussed the fact that, and

19 defendant understands that, if defendant is not a United States

20 citizen, the convictions in this case make it practically inevitable

21 and a virtual certainty that defendant will be removed or deported

22 from the United States.  Defendant may also be denied United States

23 citizenship and admission to the United States in the future.

24 Defendant understands that while there may be arguments that

25 defendant can raise in immigration proceedings to avoid or delay

26 removal, removal is presumptively mandatory and a virtual certainty

27 in this case.  Defendant further understands that removal and

28 immigration consequences are the subject of a separate proceeding and

1  that no one, including her attorney or the Court, can predict to an

2  absolute certainty the effect of her convictions on her immigration

3  status.   Defendant nevertheless affirms that she wants to plead

4  guilty regardless of any immigration consequences that her pleas may

5  entail, even if the consequence is automatic removal from the United

6  States.

7                              FACTUAL BASIS

8       16.   Defendant admits that defendant is, in fact, guilty of the

9  offenses to which defendant is agreeing to plead guilty.   Defendant

10  and the USAO agree to the statement of facts provided below and agree

11  that this statement of facts is sufficient to support pleas of guilty

12  to the charges described in this agreement and to establish the

13  Sentencing Guidelines factors set forth in paragraph 18 below but is

14  not meant to be a complete recitation of all facts relevant to the

15  underlying criminal conduct or all facts known to either party that

16  relate to that conduct.

17       Beginning no later than on or about March 2022, and continuing

18  until on or about July 20, 2023, in Los Angeles County, elsewhere,

19  within the Central District of California, defendant agreed with two

20  or more people, including the co-defendants named in Count One of the

21  First Superseding Indictment, to engage in the business of dealing in

22  firearms without a license, and to deliver firearms to a carrier

23  without written notice.   Defendant became a member of the conspiracy

24  knowing that its purpose was to engage in the business of dealing in

25  firearms without a license, and to deliver firearms to a carrier

26  without written notice, and intending to help accomplish these

27  purposes.

28

1    In furtherance of the conspiracy, between about March 2022 and
2  July 20, 2023, defendant, together with her co-conspirators, each
3  aiding and abetting one another, willfully engaged in the business of
4  dealing in firearms.  At all relevant times during the conspiracy:
5  (1) neither defendant nor any of her co-conspirators had a license to
6  import, manufacture, deal, or sell firearms; and (2) defendant knew
7  that her conduct of dealing and selling firearms without a license
8  was unlawful.  In particular, on at least four separate occasions
9  during this time period, defendant and her co-conspirators assembled
10  AR-15-style firearms, concealed the firearms in packages for
11  shipment, brought the packages to freight forwarding companies in Los
12  Angeles County, and elsewhere, and shipped the firearms packages to
13  buyers in Mexico, with whom defendant and her co-conspirators had
14  negotiated the sale of these firearms in exchange for payments sent
15  through Moneygram, Western Union, and other wires.  None of the
16  customers in Mexico were licensed as a firearms dealer, manufacturer,
17  importer, or collector.  For each firearms shipment, defendant and
18  her co-conspirators knew the packages contained firearms, but did not
19  provide written notice to the freight forwarding companies that the
20  packages contained firearms.  In total, defendant and her co-
21  conspirators unlawfully distributed more than 200 firearms to buyers
22  in Mexico.

23    For instance, to carry out the conspiracy, on or about March 15,
24  2023, in Los Angeles County and elsewhere, defendant traveled to a
25  freight forwarding company in Canoga Park, California, to ship two
26  packages containing approximately ten privately manufactured AR-15-
27  style firearms.  Defendant dropped off the packages and paid to ship
28  them to a buyer located in Oaxaca, Mexico.  Defendant falsely

1  declared that she was shipping clothes, shoes, blankets, forks, and

2  other household goods, and did not inform the freight forwarder that

3  she was shipping firearms.

SENTENCING FACTORS

5      17.  Defendant understands that in determining defendant's

6  sentence the Court is required to calculate the applicable Sentencing

7  Guidelines range and to consider that range, possible departures

8  under the Sentencing Guidelines, and the other sentencing factors set

9  forth in 18 U.S.C. § 3553(a).  Defendant understands that the

10 Sentencing Guidelines are advisory only, that defendant cannot have

11 any expectation of receiving a sentence within the calculated

12 Sentencing Guidelines range, and that after considering the

13 Sentencing Guidelines and the other § 3553(a) factors, the Court will

14 be free to exercise its discretion to impose any sentence it finds

15 appropriate up to the maximum set by statute for the crimes of

16 conviction.

17     18.  Defendant and the USAO agree to the following applicable

18 Sentencing Guidelines factors:

| | | |
|---|---|---|
| Base Offense Level: | 20 | U.S.S.G. § 2K2.1(a)(4)(B) |
| 200+ firearms: | +10 | U.S.S.G. § 2K2.1(b)(1)(E) |
| Cumulative offense: | −1 | U.S.S.G. § 2K2.1(b) |
| Outside U.S.: | +4 | U.S.S.G. § 2K2.1(b)(6)(A) |

Defendant and the USAO reserve the right to argue that additional

specific offense characteristics, adjustments, and departures under

the Sentencing Guidelines are appropriate.  The base offense level

set forth above is based on information currently known to the

government regarding defendant's criminal history.  Defendant

understands and agrees that defendant's base offense level could be increased if defendant is an armed career criminal under U.S.S.G. §§ 4B1.4 and 18 U.S.C. § 924(e), or if defendant has additional prior conviction(s) for either a crime of violence or a controlled substance offense under U.S.S.G. § 2K2.1.  If defendant's base offense level is so altered, defendant and the USAO will not be bound by the base offense level agreed to above.

19.  Defendant understands that there is no agreement as to defendant's criminal history or criminal history category.

20.  Defendant and the USAO reserve the right to argue for a sentence outside the sentencing range established by the Sentencing Guidelines based on the factors set forth in 18 U.S.C. § 3553(a)(1), (a)(2), (a)(3), (a)(6), and (a)(7).

<u>WAIVER OF CONSTITUTIONAL RIGHTS</u>

21.  Defendant understands that by pleading guilty, defendant gives up the following rights:

    a.  The right to persist in a plea of not guilty.

    b.  The right to a speedy and public trial by jury.

    c.  The right to be represented by counsel -- and if necessary have the Court appoint counsel -- at trial.  Defendant understands, however, that, defendant retains the right to be represented by counsel -- and if necessary have the Court appoint counsel -- at every other stage of the proceeding.

    d.  The right to be presumed innocent and to have the burden of proof placed on the government to prove defendant guilty beyond a reasonable doubt.

    e.  The right to confront and cross-examine witnesses against defendant.

14

f.    The right to testify and to present evidence in opposition to the charges, including the right to compel the attendance of witnesses to testify.

g.    The right not to be compelled to testify, and, if defendant chose not to testify or present evidence, to have that choice not be used against defendant.

h.    Any and all rights to pursue any affirmative defenses, Fourth Amendment or Fifth Amendment claims, and other pretrial motions that have been filed or could be filed.

<u>WAIVER OF APPEAL OF CONVICTION</u>

22.    Defendant understands that, with the exception of an appeal based on a claim that defendant's guilty pleas were involuntary, by pleading guilty defendant is waiving and giving up any right to appeal defendant's convictions on the offenses to which defendant is pleading guilty.  Defendant understands that this waiver includes, but is not limited to, arguments that the statutes to which defendant is pleading guilty are unconstitutional, and any and all claims that the statement of facts provided herein is insufficient to support defendant's pleas of guilty.

<u>LIMITED MUTUAL WAIVER OF APPEAL OF SENTENCE</u>

23.    Defendant agrees that, provided the Court imposes a total term of imprisonment within or below the range corresponding to an offense level of 30 and the criminal history category calculated by the Court, defendant gives up the right to appeal all of the following: (a) the procedures and calculations used to determine and impose any portion of the sentence; (b) the term of imprisonment imposed by the Court; (c) the fine imposed by the Court, provided it is within the statutory maximum; (d) to the extent permitted by law,

the constitutionality or legality of defendant's sentence, provided it is within the statutory maximum; (e) the term of probation or supervised release imposed by the Court, provided it is within the statutory maximum; and (f) any of the following conditions of probation or supervised release imposed by the Court: the conditions set forth in Second Amended General Order 20-04 of this Court; the drug testing conditions mandated by 18 U.S.C. §§ 3563(a)(5) and 3583(d); the alcohol and drug use conditions authorized by 18 U.S.C. § 3563(b)(7); and any conditions of probation or supervised release agreed to by defendant in paragraph 2 above.

24. The USAO agrees that, provided (a) all portions of the sentence are at or below the statutory maximum specified above and (b) the Court imposes a term of imprisonment within or above the range corresponding to an offense level of 30 and the criminal history category calculated by the Court, the USAO gives up its right to appeal any portion of the sentence.

<u>WAIVER OF COLLATERAL ATTACK</u>

25. Defendant also gives up any right to bring a post-conviction collateral attack on the convictions or sentence, except a post-conviction collateral attack based on a claim of ineffective assistance of counsel, a claim of newly discovered evidence, or an explicitly retroactive change in the applicable Sentencing Guidelines, sentencing statutes, or statutes of conviction. Defendant understands that this waiver includes, but is not limited to, arguments that the statutes to which defendant is pleading guilty are unconstitutional, and any and all claims that the statement of facts provided herein is insufficient to support defendant's pleas of guilty.

<u>RESULT OF WITHDRAWAL OF GUILTY PLEA</u>

26.  Defendant agrees that if, after entering guilty pleas pursuant to this agreement, defendant seeks to withdraw and succeeds in withdrawing defendant's guilty pleas on any basis other than a claim and finding that entry into this plea agreement was involuntary, then (a) the USAO will be relieved of all of its obligations under this agreement; and (b) should the USAO choose to pursue any charge that was either dismissed or not filed as a result of this agreement, then (i) any applicable statute of limitations will be tolled between the date of defendant's signing of this agreement and the filing commencing any such action; and (ii) defendant waives and gives up all defenses based on the statute of limitations, any claim of pre-indictment delay, or any speedy trial claim with respect to any such action, except to the extent that such defenses existed as of the date of defendant's signing this agreement.

<u>RESULT OF VACATUR, REVERSAL OR SET-ASIDE</u>

27.  Defendant agrees that if any count of conviction is vacated, reversed, or set aside, any enhancement imposed by the Court to which the parties stipulated in this agreement is vacated or set aside, the USAO may: (a) ask the Court to resentence defendant on any remaining counts of conviction, with both the USAO and defendant being released from any stipulations regarding sentencing contained in this agreement, (b) ask the Court to void the entire plea agreement and vacate defendant's guilty pleas on any remaining counts of conviction, with both the USAO and defendant being released from all their obligations under this agreement, or (c) leave defendant's remaining convictions, sentence, and plea agreement intact.

1  Defendant agrees that the choice among these three options rests in

2  the exclusive discretion of the USAO.

### EFFECTIVE DATE OF AGREEMENT

4  28.  This agreement is effective upon signature and execution of

5  all required certifications by defendant, defendant's counsel, and an

6  Assistant United States Attorney.

### BREACH OF AGREEMENT

8  29.  Defendant agrees that if defendant, at any time after the

9  effective date of this agreement, knowingly violates or fails to

10  perform any of defendant's obligations under this agreement ("a

11  breach"), the USAO may declare this agreement breached.  All of

12  defendant's obligations are material, a single breach of this

13  agreement is sufficient for the USAO to declare a breach, and

14  defendant shall not be deemed to have cured a breach without the

15  express agreement of the USAO in writing.  If the USAO declares this

16  agreement breached, and the Court finds such a breach to have

17  occurred, then: (a) if defendant has previously entered guilty pleas

18  pursuant to this agreement, defendant will not be able to withdraw

19  the guilty pleas, and (b) the USAO will be relieved of all its

20  obligations under this agreement.

21  30.  Following the Court's finding of a knowing breach of this

22  agreement by defendant, should the USAO choose to pursue any charge

23  that was either dismissed or not filed as a result of this agreement,

24  then:

25       a.  Defendant agrees that any applicable statute of

26  limitations is tolled between the date of defendant's signing of this

27  agreement and the filing commencing any such action.

28

1    b.    Defendant waives and gives up all defenses based on

2    the statute of limitations, any claim of pre-indictment delay, or any

3    speedy trial claim with respect to any such action, except to the

4    extent that such defenses existed as of the date of defendant's

5    signing this agreement.

6    c.    Defendant agrees that: (i) any statements made by

7    defendant, under oath, at the guilty plea hearing (if such a hearing

8    occurred prior to the breach); (ii) the agreed to factual basis

9    statement in this agreement; and (iii) any evidence derived from such

10   statements, shall be admissible against defendant in any such action

11   against defendant, and defendant waives and gives up any claim under

12   the United States Constitution, any statute, Rule 410 of the Federal

13   Rules of Evidence, Rule 11(f) of the Federal Rules of Criminal

14   Procedure, or any other federal rule, that the statements or any

15   evidence derived from the statements should be suppressed or are

16   inadmissible.

17                COURT AND UNITED STATES PROBATION AND PRETRIAL SERVICES

18                            OFFICE NOT PARTIES

19   31.   Defendant understands that the Court and the United States

20   Probation and Pretrial Services Office are not parties to this

21   agreement and need not accept any of the USAO's sentencing

22   recommendations or the parties' agreements to facts or sentencing

23   factors.

24   32.   Defendant understands that both defendant and the USAO are

25   free to: (a) supplement the facts by supplying relevant information

26   to the United States Probation and Pretrial Services Office and the

27   Court, (b) correct any and all factual misstatements relating to the

28   Court's Sentencing Guidelines calculations and determination of

sentence, and (c) argue on appeal and collateral review that the
Court's Sentencing Guidelines calculations and the sentence it
chooses to impose are not error, although each party agrees to
maintain its view that the calculations in paragraph 18 are
consistent with the facts of this case.  While this paragraph permits
both the USAO and defendant to submit full and complete factual
information to the United States Probation and Pretrial Services
Office and the Court, even if that factual information may be viewed
as inconsistent with the facts agreed to in this agreement, this
paragraph does not affect defendant's and the USAO's obligations not
to contest the facts agreed to in this agreement.

    33.  Defendant understands that even if the Court ignores any
sentencing recommendation, finds facts or reaches conclusions
different from those agreed to, and/or imposes any sentence up to the
maximum established by statute, defendant cannot, for that reason,
withdraw defendant's guilty pleas, and defendant will remain bound to
fulfill all defendant's obligations under this agreement.  Defendant
understands that no one -- not the prosecutor, defendant's attorney,
or the Court -- can make a binding prediction or promise regarding
the sentence defendant will receive, except that it will be within
the statutory maximum.

<u>NO ADDITIONAL AGREEMENTS</u>

    34.  Defendant understands that, except as set forth herein,
there are no promises, understandings, or agreements between the USAO
and defendant or defendant's attorney, and that no additional
promise, understanding, or agreement may be entered into unless in a
writing signed by all parties or on the record in court.

1

<u>PLEA AGREEMENT PART OF THE GUILTY PLEA HEARING</u>

2      35.   The parties agree that this agreement will be considered

3  part of the record of defendant's guilty plea hearing as if the

4  entire agreement had been read into the record of the proceeding.

5  AGREED AND ACCEPTED

6  UNITED STATES ATTORNEY'S OFFICE
   FOR THE CENTRAL DISTRICT OF
7  CALIFORNIA

8  E. MARTIN ESTRADA
   United States Attorney

9

10 _____                    4/4/2024
   KELLY LAROCQUE  THOMAS J. MAGAÑA        _____
11 Assistant United States Attorney                 Date

12 Berta Montaño Jimenez                            4-1-24
   _____             _____
13 BERTA MONTAÑO JIMENEZ                            Date
   Defendant

14 _____                    4/1/2024
   CARLOS N. IRIARTE                        _____
15 Attorney for Defendant                           Date
   BERTA MONTAÑO JIMENEZ

16

17

18

19

20

21

22

23

24

25

26

27

28

21

CERTIFICATION OF DEFENDANT

I have read this agreement in its entirety. This agreement has been read to me in Spanish, the language I understand best. I have had enough time to review and consider this agreement, and I have carefully and thoroughly discussed every part of it with my attorney. I understand the terms of this agreement, and I voluntarily agree to those terms. I have discussed the evidence with my attorney, and my attorney has advised me of my rights, of possible pretrial motions that might be filed, of possible defenses that might be asserted either prior to or at trial, of the sentencing factors set forth in 18 U.S.C. § 3553(a), of relevant Sentencing Guidelines provisions, and of the consequences of entering into this agreement. No promises, inducements, or representations of any kind have been made to me other than those contained in this agreement. No one has threatened or forced me in any way to enter into this agreement. I am satisfied with the representation of my attorney in this matter, and I am pleading guilty because I am guilty of the charges and wish to take advantage of the promises set forth in this agreement, and not for any other reason.

*Berta Montaño Jimenez*                     *4-1-24*

BERTA MONTANO JIMENEZ                        Date
Defendant

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

CERTIFICATION OF INTERPRETER

I, _Virginia Wilson_, am fluent in the written and spoken English and Spanish languages.  I accurately translated this entire agreement from English into Spanish to defendant BERTA MONTANO JIMENEZ on this date.

INTERPRETER

Date 4/1/2024

<u>CERTIFICATION OF DEFENDANT'S ATTORNEY</u>

I am BERTA MONTANO JIMENEZ's attorney.  I have carefully and thoroughly discussed every part of this agreement with my client. Further, I have fully advised my client of her rights, of possible pretrial motions that might be filed, of possible defenses that might be asserted either prior to or at trial, of the sentencing factors set forth in 18 U.S.C. § 3553(a), of relevant Sentencing Guidelines provisions, and of the consequences of entering into this agreement. To my knowledge: no promises, inducements, or representations of any kind have been made to my client other than those contained in this agreement; no one has threatened or forced my client in any way to enter into this agreement; my client's decision to enter into this agreement is an informed and voluntary one; and the factual basis set forth in this agreement is sufficient to support my client's entry of guilty pleas pursuant to this agreement.

_____        4/1/2024
CARLOS N. IRIARTE                     Date
Attorney for Defendant
BERTA MONTANO JIMENEZ